

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2009

# Bruce Martin v. Jet Equip and Tools Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bruce Martin v. Jet Equip and Tools Inc" (2009). *2009 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2745
_____

BRUCE MARTIN,

Appellant

v.

POWERMATIC, INC.; JET EQUIPMENT  AND TOOLS, INC.

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 1-01-cv-00137)
District Judge:  The Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2009

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

(Filed   December 30, 2009 )

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Martin sustained severe injuries to his left hand while operating a saw at his place of employment. The saw was at least fifty years old and had been sold by the original buyer to the previous owner of the company that employed Martin. The saw did not have a safety guard on the blade. Martin claims that the condition of the saw caused his injuries, making Powermatic Corporation strictly liable, negligent for failure to warn, or in breach of an express warranty or implied warranty of merchantability.

Generally, the sale or transfer of assets from one company to another is not a legal basis for asserting successor liability against the purchaser for the torts of the transferor. *Polius v. Clark Equipment Co.*, 802 F.2d 75, 77 (3d Cir. 1986). The District Court correctly concluded that ownership of the assets of the Powermatic Division was transferred to JET Equipment and Tools, Inc. through an asset purchase agreement with DeVlieg-Bullard, Inc., during the time that DeVlieg-Bulliard was in the midst of reorganization under Chapter 11 of the Bankruptcy Code. Moreover, we agree that there is no record evidence that Powermatic fell within any of the exceptions to the general rule of successor nonliability that we describe in *Polius*. The asset purchase agreement expressly disclaimed all product liability claims against the Powermatic Division of

2

DeVlieg-Buillard, Inc., for products sold before the closing date of the agreement. We also agree that the evidence does not support a *de facto* merger finding.

With respect to the implied warranty claims, Martin essentially challenges JET's argument before the District Court that an implied warranty claim cannot be raised where strict liability is not actionable. However, the District Court's decision was not based upon this legal argument. Instead, the District Court dismissed this claim on the basis that implied warranties were expressly and conspicuously excluded in the operating instructions manual of the machine in question. Martin's appeal does not dispute this. For this reason, we must conclude that the District Court properly dismissed this claim.